UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAV AUTO CENTER, INC. d/b/a MONROE
AUTOMOTIVE and JOHN VEST,

                      Plaintiffs,

        - against -

WILLIAM A. BEHRENS and the NEW YORK
STATE THRUWAY AUTHORITY,

                      Defendants.
------------------------------------------------------------x

05 Civ. 6503 (CLB)

***Memorandum and Order***

Brieant, J.

    Before the Court in this First Amendment retaliation and equal protection action is Defendants' motion to dismiss the Complaint or to transfer venue (Doc. No. 3), filed September 2, 2005. Plaintiffs filed their Complaint on July 18, 2005.

    The following facts are assumed true for purposes of this motion only. Plaintiff JAV Auto Center is a New York corporation in the business of automobile and truck towing and storage, and operates a licensed automotive repair business in this district. Plaintiff John Vest is a New York resident and owner of JAV. The New York State Thruway Authority is a public authority created under Title 9 of the New York Public Authorities Law to operate, among other things, the Governor Thomas E. Dewey Thruway. Defendant William Behrens is a New York resident and at relevant times was the Director of Traffic Management of the New York State Thruway Authority ("Thruway").

    The Thruway Authority issues Letters of Authorization to entities to provide 24-hour

1

service to disabled vehicles on highway segments. It offers separate letters for service to vehicles that are 10,000 lbs. and over ("heavy-duty") and for vehicles that are under 10,000 lbs. ("light-duty"). Defendant Mr. Behrens was at relevant times charged with managing the program by which the Thruway Authority issues and terminates the Letters of Authorization.

Plaintiff JAV alleges certain admittedly time barred issues: that in the late 1980's and early 1990's, Mr. Vest spoke out against corruption, illegality and the existence of non-merit-based factors motivating the Thruway Authority in issuing Letters of Authorization. At that time, Mr. Behrens was the Assistant Director of Traffic Management on the Thruway Authority. Within that time frame, a Thruway Authority official named Mark Eacker, was arrested and either terminated or forced to resign.

In 1998, Plaintiff was awarded a Letter of Authorization for heavy-duty towing. On November 20, 1998 Plaintiff wrote to Defendant Behrens to reassert Plaintiff's interest in receiving authorization to perform light-duty tows, having been on the list of applicants since 1978. Within a week, Defendant Behrens responded to Plaintiffs that JAV met the requirements for light-duty towing and that JAV's request would remain on file at Authority Headquarters, because it already had adequate coverage in the requested area.

Plaintiffs claim that during the time JAV held a letter of authorization, Defendants targeted Plaintiffs for unfair, unequal and retaliatory treatment. These claims include a baseless suspension in December 2002, and other unfair scrutiny, and a contention that Defendants'

mediated customer complaints with other towing firms, so as to avoid "letters of deficiency," while refusing to do so with Plaintiffs.

Plaintiff alleges that in 2002 it was denied requested light-duty authorization because of First Amendment retaliation and as a result of disparate treatment, the authorization was awarded to another firm which was unqualified. In December 2002, JAV's Letter of Authorization was suspended, but the suspension was later lifted. On April 11, 2003, the Thruway Authority later terminated JAV's letter of authorization. Plaintiff alleges that the vote to terminate was motivated by Defendant Behren's false or misleading information presented to the Thruways's Traffic Safety Committee, which was motivated by retaliation for Plaintiff Vest's involvement of the earlier investigation of Thruway personnel.

Plaintiff said he was denied access to a hearing as guaranteed by the Thruway Authority rules and that in May 2003, he was denied access to the minutes from the Traffic Safety Committee meeting at which Defendant Behrens allegedly presented false or misleading information. On August 19, 2003, Plaintiffs requested an investigation by the Office of New York State Inspector General into the termination. Plaintiffs contend that no bonafide investigation was conducted and that the revocation went unchanged.

Plaintiffs allege four claims. They allege first that Defendants retaliated against Plaintiffs for exercise in the late 1980's, early 1990's and thereafter of their First Amendment rights to free speech and to petition the government for redress of grievances. Plaintiffs allege second that

Defendants' conduct violated Plaintiffs' rights pursuant to the Fourteenth Amendment (presumably for due process). Plaintiffs allege third that Defendants violated the rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment by treating Plaintiffs differently that similarly situated towing firms in whole, or in part, because of Defendants' desire to punish Plaintiffs for exercise of their free speech rights. Plaintiffs finally allege that Defendants violated 49 U.S.C. §14501(c) by enacting and/or enforcing a law, rule, regulation, standard, or other provision having the force and effect of law related to price, route or service.

Defendants move the Court to dismiss the Complaint under FRCP 12(b)(6), arguing that Plaintiffs do not have a property interest in the Letter of Authorization, that Defendants' alleged retaliatory unequal treatment of Plaintiffs is either time-barred or too remote in time from Plaintiff's protected speech to support claims for First Amendment retaliation or an Equal Protection violation, and that 49 U.S.C. §14501(c) does not preempt state laws and regulations concerning towing on the Thruway, nor does it provide a private right of action for damages. Defendants also move for a transfer of venue to the Northern District of New York under FRCP 12(b)(3) and 28 U.S.C. §1406(a) on the ground that Defendants have their office in that district, and that is where the decisions were made that give rise to the claim.

In considering a motion to dismiss under Rule 12(b)(6), the Court is obliged to accept the well-pleaded assertions of fact in the complaint as true and to draw all reasonable inferences and resolve doubts in favor of the non-moving party. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995). The focus of the Court's inquiry is not whether plaintiffs will

ultimately prevail, but whether the claimants are entitled to an opportunity to offer evidence in support of their claims. Therefore a motion to dismiss must be denied unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of its claim which would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

*Venue*

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

Venue is properly laid in the Southern District of New York because all of the events or omissions giving rise to the claims occurred with respect to towing, and authorization therefore, on that portion of the New York State Thruway from mileposts 36.0 to 59.6 (Sloatsburg/Ramapo service areas to Exit 17 Newburgh), entirely in the Southern District of New York. Supervision of Plaintiffs' work and the receipt and processing of complaints was conducted out of the Thruway Authority's Suffern Office in this district. That portion of the motion is denied.

*First Amendment Retaliation*

Defendants argue that Plaintiff's protected speech, which occurred in the late 1980's or early 1990's is too remote in time to be causally related to the 2002 suspension or 2003

5

termination of Plaintiffs' letter of authorization.

> The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close. Action taken (as here) 20 months later suggests, by itself, no causality at all.

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (U.S. 2001)(citations and quotations omitted).

The Court agrees that a retaliatory causal link could not be shown as to conduct prior to 1998. The protected conduct was too remote in time from the retaliation. Plaintiffs were actually awarded a Letter of Authorization in 1998, which was not suspended until 2002 and was not terminated until 2003. However, Plaintiffs may assert the time barred incidents as historical background to support a claim of recent retaliation occurring within the statute of limitations period. While the contentions of Plaintiffs are not highly persuasive, the First Amendment retaliation claims cannot be dismissed at this state of the litigation, in the absence of pre-trial discovery.

Defendant's motion to dismiss Plaintiffs First Amendment retaliation claim is denied.

*Due Process Claim*

Defendants suggest, and the Court agrees, that Plaintiffs' second claim for a violation of their rights under the Fourteenth Amendment enforceable by 42 U.S.C. §1983 seems to allege a violation of due process. The Complaint alleges that Plaintiffs were denied a hearing when their Letter of Authorization was terminated. Defendants argue, and the Court agrees, that no due

6

process claim can be stated in this case, because Plaintiffs' held no property interest in the Letters of Authorization. Whether something is property is determined by state law. The Appellate Division of the State of New York has held the Thruway Authority's Letters of Authorization are no more than licences, that "[w]hen the agency retains significant discretion over the individual's continued participation in a government program, a property interest does not accrue," and that "[t]here is no legal requirement that [the Thruway Authority's] determinations be made after a hearing and on the record" *Loyal Tire & Auto Center, Inc. v. New York State Thruway Authority*, 227 A.D.2d 82, 85 (3d Dept. 1997).

Plaintiffs' second claim is dismissed.

*Equal Protection Claim*

Plaintiffs' argument for an equal protection violation is very closely intertwined with their retaliation claim in that Plaintiffs claim that there "has been a continual pattern of treating plaintiffs differently." Plaintiffs claim that they were denied privileges to make light-duty and heavy-duty tows, and while JAV had Letters of Authorization, Defendants did not extend the benefit of mediation to resolve complaints, as they did for other towing providers. Defendants do not specifically allege any dates of the occurrences of these informal mediations nor any specific instances where Plaintiffs alternatively received deficiency letters. Plaintiffs did, however, allege that the light-duty Letter of Authorization was awarded to specific companies similarly situated to Plaintiffs but less deserving, due to those companies' equipment inadequacies and alleged criminal conduct of their principals. Plaintiffs allege that they were

7

selectively treated and that the selective treatment was motivated by a desire to punish them for the exercise of First Amendment rights. Plaintiffs have stated a claim for equal protection for which relief may ultimately be granted.

Defendants' motion to dismiss Plaintiffs' equal protection claim is denied.

*Claim for Violation of 49 U.S.C. §14501(c)*

Plaintiffs allege that Defendants penalized Plaintiffs by revoking Plaintiffs' Letter of Authorization to make heavy-duty tows and thereby violated 49 U.S.C. § 14501(c). Familiarity with the statute on the part of the reader is assumed. It is highly doubtful that it preempts the regulatory actions of the New York State Thruway Authority. See *Ace Auto Body & Towing Ltd. v. City of New York*, 171 F.3d 765 (2d Cir. 1999). No private cause of action can be implied under the statute. Neither the statute nor its exceptions affect this Court's power to grant full relief in the event of a First Amendment or Equal Protection violation.

Plaintiffs' fourth claim is dismissed.

The Court declines at this time to make the finding contemplated by Rule 54(b) Fed.R.Civ.P.

SO ORDERED.

SO ORDERED.

Dated: White Plains, New York
      December 14, 2005

                                                        _____
                                                        Charles L. Brieant, U.S.D.J.

...

...